L. M. BRINKLEY & ASSOCIATES AND COMMERCIAL BUILDERS, INC., T/A NEW MARKET SHOPPING CENTER v. INTEGON LIFE INSURANCE CORPORATION

No. 776SC456

(Filed 4 April 1978)

**Contracts §§ 12.1, 30 — loan commitment — failure to close — forfeiture of standby fee**

Provision of a loan commitment agreement stating that, should the commitment not be closed, the lender "will retain the standby fee to cover a portion of the cost of origination and processing the application and for reservation of the allotted funds" was not ambiguous and did not present a question of fact for the jury, since the provision clearly gave the lender the right, upon failure to close the commitment, to retain the entire standby fee paid by the borrower.

APPEAL by plaintiffs from *James, Judge.* Judgment entered 18 April 1977, in Superior Court, HERTFORD County. Heard in the Court of Appeals 7 March 1978.

Plaintiffs and defendant entered into a loan commitment agreement whereby defendant was to provide permanent financing for a shopping center plaintiffs were building. Under the terms of the agreement, defendant was committed to a loan of $1,275,000, contingent upon plaintiffs' meeting certain requirements, and plaintiffs were to submit a $38,250 cash "standby fee" which was to be refunded upon the closing of the loan.

According to plaintiffs' complaint, defendant, contrary to the loan commitment agreement, required plaintiffs to complete an additional 2,000 square feet of local space prior to loan disburse-

ment. Plaintiffs advised defendant that in order to complete the 2,000 square feet it was necessary to increase the amount of permanent financing. Plaintiffs further alleged that defendant refused to discuss the matter, and plaintiffs thereafter obtained permanent financing from other sources.

Defendant refused to return the standby fee deposited by plaintiffs, and plaintiffs brought this action alleging an unlawful and wilful scheme to deprive plaintiffs of their contractual rights and breach of contract. Plaintiffs sought punitive as well as actual damages, including the return of the standby fee.

In the answer filed by defendant it is alleged that plaintiffs themselves elected not to close the loan and that, according to the clear language of the contract, plaintiffs thereby forfeited the standby fee. After pretrial discovery procedures, defendant moved for summary judgment pursuant to G.S. 1A-1, Rule 56. That motion was granted and plaintiffs appeal.

*Pritchett, Cooke & Burch, by William W. Pritchett, Jr. and Roswald B. Daly, Jr., for plaintiff appellants.*

*Cherry, Cherry and Flythe, by Joseph J. Flythe, for defendant appellee.*

ARNOLD, Judge.

The sole issue for our consideration is whether there was a genuine issue of material fact which would render summary judgment inappropriate. G.S. 1A-1, Rule 56. Plaintiffs' only contention is that the contract provision relating to the standby fee was ambiguous and therefore a question of fact for the jury. We do not agree.

The contract provision in question reads:

"The accepted commitment copy must be returned within one week along with $38,250 (collected) cash STANDBY FEE which will be refunded if the loan is closed in accordance with this commitment. Should our accepted commitment not be closed, we will retain the standby fee to cover a portion of the cost of origination and processing the application and for reservation of the allotted funds."

Plaintiffs argue that the phrase "to cover a portion of the cost of origination and processing the application and for reservation of

Brinkley & Associates v. Insurance Corp.

the allotted funds" renders the provision ambiguous. The quoted phrase, however, does not render ambiguous the clear words that defendant, upon failure to close the commitment, is entitled to retain the standby fee. We note that nothing in the language indicates that defendant is to retain only a portion of the standby fee, as plaintiffs argue.

Having found that the provision in question is not ambiguous, we apply the rule that its interpretation was a matter of law for the court. *See, e.g. Root v. Insurance Co.*, 272 N.C. 580, 158 S.E. 2d 829 (1968). There being no genuine issue of material fact, the trial court properly granted defendant's motion for summary judgment.

Affirmed.

Judges MORRIS and MARTIN concur.